JUDGE CASTEL    07 CV 6387

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

GEORGE HAYES and JUSTIN HAYES,                     **COMPLAINT**

                                  Plaintiffs,
                                                   Index No.

                -against-
                                                   Jury Trial Demanded

CITY OF NEW YORK, DETECTIVE RICHARD TURK, and
JOHN AND JANE DOES 1 Through 10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                                   JUL 1 3 2007
                                  Defendants,
                                                   U.S.D.C. S.D. N.Y.
                                                   CASHIERS
--------------------------------------------------------------------------------X

Plaintiffs GEORGE HAYES and JUSTIN HAYES, individually, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitutions of the States of New York and the

United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiffs GEORGE HAYES and JUSTIN HAYES are citizens of the United States, and at all relevant times were residents of the State, City and County of New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    That at all times hereinafter mentioned, the individually named defendants, DETECTIVE RICHARD TURK and JOHN and JANE DOES 1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.    On or about June 3, 2005, at approximately 6:35 a.m., plaintiff GEORGE

HAYES, who was 65 years old, and plaintiff JUSTIN HAYES, who was 17 years old, were

lawfully present inside 420 W. 19th Street, Apt. 5J, New York, New York.

13.    At the aforesaid time and place, the defendants, members of the New York City

Police Department, unlawfully and without reasonable suspicion or any just cause illegally

entered 420 W. 19th Street, Apt. 5J, New York, New York with force.  Defendants unlawfully

ransacked plaintiffs' apartment and damaged, destroyed, and/or stole plaintiffs' property,

including but not limited to, a computer printer, coffee maker, microwave, leather sofa, stereo

system, cell phone, two Motorola 2-way pagers, and eyeglasses.

14.    At the aforesaid time and place, the defendants, members of the New York City

Police Department, threatened GEORGE HAYES and JUSTIN HAYES at gunpoint, threatened

to shoot the family dog, and subjected GEORGE HAYES and JUSTIN HAYES to excessive

force.

15.    Plaintiff JUSTIN HAYES was subjected to excessively tight handcuffing,

unlawfully imprisoned, and taken to the Tenth Precinct stationhouse, where defendants

unlawfully interrogated him and concocted false charges to cover up their abuse of plaintiff

JUSTIN HAYES.

16.    Plaintiff JUSTIN HAYES was unlawfully and without any individualized

reasonable suspicion or just cause, strip searched by defendants.

17.    The defendants drew up false charges and referred them to the New York County

District Attorney's office for criminal prosecution.  Thereafter, plaintiff JUSTIN HAYES was

3

maliciously prosecuted on manufactured and fictitious allegations by defendants and forced to defend the baseless charges until May 8, 2006 when the charges were dismissed and sealed.

18.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

19.     Plaintiff GEORGE HAYES was pushed, subjected to excessively tight handcuffing, unlawfully imprisoned, and taken to St. Vincent's Hospital for the injuries inflicted by defendants.  While at St. Vincent's Hospital, GEORGE HAYES was forced to undergo heart surgery.

20.     Defendants concocted false charges to cover up their abuse of plaintiff GEORGE HAYES and drew up false charges and referred them to the New York County District Attorney's office for criminal prosecution.  Thereafter, plaintiff GEORGE HAYES was maliciously prosecuted on manufactured and fictitious allegations by defendants and forced to defend the baseless charges until May 8, 2006 when the charges were dismissed and sealed.

21.     Plaintiff GEORGE HAYES was unlawfully incarcerated for about two weeks as a result of defendants' unlawful actions.

22.     Plaintiff GEORGE HAYES was forced to undergo a second heart operation after being released from custody.

23.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

24.     As a result of the foregoing, plaintiffs GEORGE HAYES and JUSTIN HAYES sustained, *inter alia*, physical injuries, emotional injuries and distress, embarrassment, humiliation, and shock, deprivation of their liberty, violation of their constitutional rights, and property damage and loss, attorney's fees, and special damages.

4

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

25.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of defendants, their agents, servants and employees, including the arrest and detention of plaintiffs without probable cause, were carried out under the color of state law.

27.     All of the aforementioned acts deprived plaintiffs GEORGE HAYES and JUSTIN HAYES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

5

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

31.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs GEORGE HAYES and JUSTIN HAYES'S constitutional rights.

32.     As a result of the aforementioned conduct of defendants, plaintiffs GEORGE HAYES and JUSTIN HAYES were subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

33.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants had an affirmative duty to intervene on behalf of plaintiffs GEORGE HAYES and JUSTIN HAYES, whose constitutional rights were being violated in their presence by other officers.

35.     The defendants failed to intervene to prevent the unlawful conduct described herein.

36.     As a result of the foregoing, plaintiffs GEORGE HAYES and JUSTIN HAYES'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause, and subjected to unlawful and excessive force. Further, plaintiffs sustained severe and permanent physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

37.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

39.     As a result of the foregoing, plaintiffs GEORGE HAYES and JUSTIN HAYES were deprived of their liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants arrested plaintiffs GEORGE HAYES and JUSTIN HAYES without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

42.     Defendants caused plaintiffs GEORGE HAYES and JUSTIN HAYES to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Strip-Search under 42 U.S.C. § 1983)

43.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The illegal strip search of plaintiff JUSTIN HAYES was conducted in the absence

7

of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband.

45.    As a result of the aforementioned conduct of defendants, plaintiff JUSTIN

HAYES's Fourth and Fourteenth Amendment rights were violated.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

46.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    Defendants maliciously issued criminal process against plaintiffs GEORGE

HAYES and JUSTIN HAYES by causing them criminally prosecuted in connection with the

incident of June 3, 2005.

48.    Defendants caused plaintiffs GEORGE HAYES and JUSTIN HAYES to be

prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal

process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

49.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants initiated, commenced and continued criminal proceedings against

plaintiffs GEORGE HAYES and JUSTIN HAYES by falsely reporting the events of the incident

to the New York County District Attorney's Office.

51.    Defendants caused plaintiffs GEORGE HAYES and JUSTIN HAYES to be

prosecuted on criminal charges without any probable cause until the charges were dismissed and

sealed on May 8, 2006.

52.    Defendants caused plaintiffs GEORGE HAYES and JUSTIN HAYES to be

8

maliciously prosecuted.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

53.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to committing acts of brutality and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs GEORGE HAYES and JUSTIN HAYES'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs GEORGE HAYES and JUSTIN HAYES.

57.    The foregoing customs, policies, usages, practices, procedures and rules of the

9

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs GEORGE HAYES and JUSTIN HAYES as alleged herein.

58.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs GEORGE HAYES and JUSTIN HAYES as alleged herein.

59.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs GEORGE HAYES and JUSTIN HAYES were unlawfully arrested, strip searched, imprisoned, prosecuted, and otherwise subjected to physical abuse.

60.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs GEORGE HAYES and JUSTIN HAYES'S constitutional rights.

61.    All of the foregoing acts by defendants deprived plaintiffs GEORGE HAYES and JUSTIN HAYES of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from false arrest;

        C.    To be free from malicious prosecution/malicious abuse of process;

        D.    To be free from the use of excessive force and/or the failure to intervene;

        E.    To be free from unlawful strip searches; and

        F.    To receive equal protection under the law.

62.    As a result of the foregoing, plaintiffs GEORGE HAYES and JUSTIN HAYES

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

63.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

65.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

66.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

67.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

68.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

69.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.    As a result of the foregoing, plaintiffs GEORGE HAYES and JUSTIN HAYES were placed in apprehension of imminent harmful and offensive bodily contact.

71.    As a result of defendants' conduct, plaintiffs GEORGE HAYES and JUSTIN HAYES have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
#### (Battery under the laws of the State of New York)

72.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    Defendants made offensive contact with plaintiffs without privilege or consent.

74.    As a result of defendants' conduct, plaintiffs GEORGE HAYES and JUSTIN HAYES have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TWELFTH CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

75.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

77.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

78.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

79.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs GEORGE HAYES and JUSTIN HAYES.

80.    As a result of the aforementioned conduct, plaintiffs GEORGE HAYES and

JUSTIN HAYES suffered severe emotional distress, physical and mental injury, together with

embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under the laws of the State of New York)

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants arrested plaintiffs GEORGE HAYES and JUSTIN HAYES without

probable cause.

83. Plaintiffs GEORGE HAYES and JUSTIN HAYES were detained against their will

for an extended period of time and subjected to physical restraints.

84. As a result of the aforementioned conduct, plaintiffs GEORGE HAYES and JUSTIN

HAYES were unlawfully imprisoned in violation of the laws of the State of New York.

85.    As a result of the aforementioned conduct, plaintiffs GEORGE HAYES and

JUSTIN HAYES suffered physical and mental injury, together with embarrassment, humiliation,

shock, fright, and loss of freedom.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

86.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraph numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Upon information and belief, defendant CITY OF NEW YORK failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

and participated in the arrest of plaintiffs GEORGE HAYES and JUSTIN HAYES.

13

88.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

89.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs GEORGE HAYES and JUSTIN HAYES.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

91.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of New York)

93.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they

engaged in the wrongful conduct described herein.

95.    As a result of the foregoing, plaintiffs GEORGE HAYES and JUSTIN HAYES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

96.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

97.    The unlawful strip searches employed by defendants herein were in the absence of reasonable individualized suspicion that plaintiff possessed any contraband or weapons.

98.    As a result of the aforementioned conduct of defendants, plaintiff JUSTIN HAYES'S rights under the New York Constitution were violated.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

99.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Defendants maliciously issued criminal process against plaintiffs GEORGE HAYES and JUSTIN HAYES by having them prosecuted in connection with the incident of June 3, 2005.

101.    Defendants caused plaintiffs GEORGE HAYES and JUSTIN HAYES to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

15

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Malicious Prosecution under laws of the State of New York)

102.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Defendants initiated, commenced, and continued criminal proceedings against plaintiffs by falsely reporting the events of June 3, 2005 to the New York County District Attorney's Office.

104.    Defendants caused plaintiffs GEORGE HAYES and JUSTIN HAYES to be prosecuted on criminal charges without any probable cause until the charges were dismissed on May 8, 2006.

105.    As a result of the aforementioned conduct, plaintiffs GEORGE HAYES and JUSTIN HAYES suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

WHEREFORE, plaintiffs GEORGE HAYES and JUSTIN HAYES demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 13, 2007

                                    LEVENTHAL & KLEIN, LLP
                                    45 Main Street, Suite 820
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                            By:     _____
                                    BRETT H. KLEIN (BK4744)

                                    Attorneys for Plaintiffs George Hayes and
                                    Justin Hayes

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

GEORGE HAYES and JUSTIN HAYES,

                             Plaintiffs,

       -against-


CITY OF NEW YORK, DETECTIVE RICHARD TURK, and
JOHN AND JANE DOES 1 Through 10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                             Defendants,

------------------------------------------------------------------------------X


## **COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiffs
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100