# MEMO ENDORSED

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SARAH B. EVANS**
*Assistant Corporation Counsel*
Tel.: (212) 788-1041
Fax: (212) 788-9776

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07

RECEIVED AUG 14 2007 P. KEVIN CASTEL U.S.D.J.

August 13, 2007

**VIA HAND DELIVERY**
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

*Application granted. So Ordered. [signature] USDJ 8-15-07*

Re: <u>George Hayes, et al. v. City of New York, et al.</u>, 07 CV 6387 (PKC)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. In that capacity, I write with the consent of plaintiff's counsel, Brett Klein, Esq., to respectfully request a sixty-day enlargement of time, from August 13, 2007 until October 13, 2007, within which the City may answer or otherwise respond to the complaint. This is the first request for an enlargement of time. Additionally, should Your Honor grant the requested enlargement, I also respectfully request that the Court adjourn the initial conference, which is currently scheduled for September 28, 2007 at 9:45 a.m., to a date and time convenient for the Court after the pleadings are joined. Plaintiff's counsel has also consented to this request.

    The complaint alleges that plaintiffs were falsely arrested and assaulted on June 3, 2005 and subsequently maliciously prosecuted. In addition to the City of New York, plaintiffs name Detective Richard Turk and unidentified police officers as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this office to forward to plaintiffs for execution authorizations for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrests and prosecutions of plaintiffs were sealed by court order upon the termination of the criminal action in favor of plaintiffs. In addition, because plaintiffs are claiming assault, an enlargement of time will allow us to forward plaintiffs medical releases authorizing us to obtain the relevant medical records. Defendant cannot obtain any of these records without the authorizations, and without the records, defendant

cannot properly assess this case or respond to the complaint. Accordingly, defendant City requires this enlargement so that this office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

      Moreover, we must ascertain whether the individual named in this action has been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individual named in this action. The individual must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the individual's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

      In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

Respectfully submitted,

*Sarah B. Evans*

Sarah B. Evans (SE 5971)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Brett Klein, Esq. (By fax)
       Attorney for Plaintiffs
       45 Main Street, Suite 820
       Brooklyn, New York 11201
       *Fax*: 718-222-2889

---

[1] Upon information and belief, Detective Turk has not been served with a copy of the summons and complaint in this action and has not requested legal representation from this office. Without making any representation on behalf of this individual, assuming service was properly effected, it is respectfully requested that his time to respond to the complaint similarly be enlarged so that his defenses are not jeopardized while representational issues are being decided.