UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GEORGE HAYES AND JUSTIN HAYES,

                              Plaintiffs,

                  -against-

CITY OF NEW YORK, DETECTIVE RICHARD TURK, and JOHN and JANE DOE 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

Jury Trial Demanded

07 CV 6387 (PKC)

------------------------------------------------------------------ x

       The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

       1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

       3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

       4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "Detective Turk" has not been served with a copy of the summons and complaint and has not requested representation from the Office of the Corporation Counsel, and therefore is not a defendant at this time.

5. The allegations set forth in paragraph "5" of the complaint are not averments of fact requiring a response.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for information about the police department.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that Richard Turk was employed by the City of New York as a Detective in June 2005.

10. Paragraph "10" of the complaint states a legal conclusion, rather than averments of fact, to which no response is required.

11. Paragraph "11" of the complaint states a legal conclusion, rather than averments of fact, to which no response is required.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that on June 3, 2005 plaintiffs was present inside 420 West 19th Street, Apartment 5J, New York, New York.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff George Hayes' alleged heart surgery.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "24" inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "30" inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in the second paragraph numbered "32"[2] of the complaint.

34. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "34" inclusive of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "34" of the complaint.

36. Denies the allegations set forth in paragraph "35" of the complaint.

37. Denies the allegations set forth in paragraph "36" of the complaint.

38. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "37" inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "38" of the complaint.

40. Denies the allegations set forth in paragraph "39" of the complaint.

41. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "40" inclusive of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "41" of the complaint.

43. Denies the allegations set forth in paragraph "42" of the complaint.

44. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "43" inclusive of this answer, as if fully set forth herein.

---

[2] Defendant notes that plaintiffs have misnumbered the complaint in that there are two separate paragraphs numbered "32." To avoid confusion in answering plaintiffs' complaint, defendant has noted this mistake but has not renumbered plaintiffs' complaint.

45. Denies the allegations set forth in paragraph "44" of the complaint.

46. Denies the allegations set forth in paragraph "45" of the complaint.

47. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "46" inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "47" of the complaint.

49. Denies the allegations set forth in paragraph "48" of the complaint.

50. In response to the allegations set forth in paragraph "49" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "49" inclusive of this answer, as if fully set forth herein.

51. Denies the allegations set forth in paragraph "50" of the complaint.

52. Denies the allegations set forth in paragraph "51" of the complaint.

53. Denies the allegations set forth in paragraph "52" of the complaint.

54. In response to the allegations set forth in paragraph "53" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "53" inclusive of this answer, as if fully set forth herein.

55. Denies the allegations set forth in paragraph "54" of the complaint.

56. Denies the allegations set forth in paragraph "55" of the complaint.

57. Denies the allegations set forth in paragraph "56" of the complaint.

58. Denies the allegations set forth in paragraph "57" of the complaint.

59. Denies the allegations set forth in paragraph "58" of the complaint.

60. Denies the allegations set forth in paragraph "59" of the complaint.

61. Denies the allegations set forth in paragraph "60" of the complaint.

62. Denies the allegations set forth in paragraph "61" of the complaint, and all its subparts.

63. Denies the allegations set forth in paragraph "62" of the complaint.

64. In response to the allegations set forth in paragraph "63" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "63" inclusive of this answer, as if fully set forth herein.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

66. Denies the allegations set forth in paragraph "65" of the complaint.

67. Denies the allegations set forth in paragraph "66" of the complaint, except admits that the complaint was filed on July 13, 2007.

68. Denies the allegations set forth in paragraph "67" of the complaint.

69. Denies the allegations set forth in paragraph "68" of the complaint.

70. In response to the allegations set forth in paragraph "69" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "69" inclusive of this answer, as if fully set forth herein.

71. Denies the allegations set forth in paragraph "70" of the complaint.

72. Denies the allegations set forth in paragraph "71" of the complaint.

73. In response to the allegations set forth in paragraph "72" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "72" inclusive of this answer, as if fully set forth herein.

74. Denies the allegations set forth in paragraph "73" of the complaint.

75. Denies the allegations set forth in paragraph "74" of the complaint.

76. In response to the allegations set forth in paragraph "75" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "75" inclusive of this answer, as if fully set forth herein.

77. Denies the allegations set forth in paragraph "76" of the complaint.

78. Denies the allegations set forth in paragraph "77" of the complaint.

79. Denies the allegations set forth in paragraph "78" of the complaint.

80. Denies the allegations set forth in paragraph "79" of the complaint.

81. Denies the allegations set forth in paragraph "80" of the complaint.

82. In response to the allegations set forth in paragraph "81" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "81" inclusive of this answer, as if fully set forth herein.

83. Denies the allegations set forth in paragraph "82" of the complaint.

84. Denies the allegations set forth in paragraph "83" of the complaint.

85. Denies the allegations set forth in paragraph "84" of the complaint.

86. Denies the allegations set forth in paragraph "85" of the complaint.

87. In response to the allegations set forth in paragraph "86" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "86" inclusive of this answer, as if fully set forth herein.

88. Denies the allegations set forth in paragraph "87" of the complaint.

89. Denies the allegations set forth in paragraph "88" of the complaint.

90. In response to the allegations set forth in paragraph "89" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "89" inclusive of this answer, as if fully set forth herein.

91. Denies the allegations set forth in paragraph "90" of the complaint.

92. In response to the allegations set forth in paragraph "91" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "91" inclusive of this answer, as if fully set forth herein.

93. Denies the allegations set forth in paragraph "92" of the complaint.

94. In response to the allegations set forth in paragraph "93" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "93" inclusive of this answer, as if fully set forth herein.

95. Denies the allegations set forth in paragraph "94" of the complaint.

96. Denies the allegations set forth in paragraph "95" of the complaint.

97. In response to the allegations set forth in paragraph "96" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "96" inclusive of this answer, as if fully set forth herein.

98. Denies the allegations set forth in paragraph "97" of the complaint.

99. Denies the allegations set forth in paragraph "98" of the complaint.

100. In response to the allegations set forth in paragraph "99" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "99" inclusive of this answer, as if fully set forth herein.

101. Denies the allegations set forth in paragraph "100" of the complaint.

102. Denies the allegations set forth in paragraph "101" of the complaint.

103. In response to the allegations set forth in paragraph "102" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "101" inclusive of this answer, as if fully set forth herein.

104. Denies the allegations set forth in paragraph "103" of the complaint.

105. Denies the allegations set forth in paragraph "104" of the complaint.

106. Denies the allegations set forth in paragraph "105" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

107. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

108. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

109. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

110. Any injuries alleged the in the complaint were caused, in whole or in part, by plaintiffs' own culpable or negligent conduct and/or the conduct of non-parties or third parties and were not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

111. Plaintiffs may have failed to comply with conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

112. There was probable cause for plaintiffs' arrests and prosecutions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

113. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

114. Plaintiffs provoked any incident.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

115. The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 15, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendant City
> 100 Church Street
> New York, New York 10007
> (212) 788-1041
>
> By: _/s/ Sarah Evans_
>      Sarah Evans (SE 5971)
>      Assistant Corporation Counsel

To:  Brett Klein, Esq. (By ECF and mail)
     Leventhal and Klein, LLP
     Attorney for Plaintiffs
     45 Main Street, Suite 820
     Brooklyn, NY 11201

## DECLARATION OF SERVICE BY MAIL

    I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on October 15, 2007, I caused to be served the annexed **Answer** upon the following attorney for the plaintiffs by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiffs at the address set forth below, being the address designated by said attorney for plaintiffs for that purpose:

    Leventhal and Klein, LLP
    45 Main Street, Suite 820
    Brooklyn, NY 11201


Dated:    New York, New York
           October 15, 2007

                                                                   Sarah B. Evans
                                                                   Assistant Corporation Counsel

Index No. 07 CV 6387 (PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE HAYES AND JUSTIN HAYES,

                        Plaintiffs,

-against-

CITY OF NEW YORK, DETECTIVE RICHARD TURK, and JOHN and JANE DOE 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

## ANSWER TO THE COMPLAINT

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
    *Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitsted.*

*New York, N.Y.*………………………………………, *200..*

………………………………………………………… *Esq.*

*Attorney for*………………………………………………………