

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SARAH B. EVANS<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-1041<br>Fax: (212) 788-9776 |

January 29, 2008

**BY ECF**
Honorable Michael H. Dolinger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: <u>George Hayes, et al. v. City of New York, et al.</u>, 07 CV 6387 (PKC) (MHD)

Your Honor:

      Enclosed please find a STIPULATION AND PROTECTIVE ORDER which has been executed by the parties in the above-referenced matter. We respectfully request that Your Honor endorse the enclosed STIPULATION.

      Thank you for your consideration in this matter.

      Respectfully submitted,

      Sarah B. Evans
      Assistant Corporation Counsel
      Special Federal Litigation Division

Enc.

cc:    Brett Klein, Esq. (By ECF)
      Attorney for Plaintiffs
      45 Main Street, Suite 820
      Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GEORGE HAYES AND JUSTIN HAYES,

                                                  **PROTECTIVE ORDER**

                          Plaintiffs,

               -against-

CITY OF NEW YORK, ET AL.,                                07 CV 6387 (PKC) (MHD)

                          Defendants.

------------------------------------------------------------------ x

       **WHEREAS**, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

       1.     As used herein, the "Action" shall mean the lawsuit captioned <u>George Hayes and Justin Hayes v. City of New York, et al.</u>, 07 CV 6387 (PKC).

       2.     "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, (b) records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, (c) records of criminal investigations, (d) documents or other materials that reflect police department guidelines, training or procedures, (e) documents that the parties agree are subject to this order, and (f) any documents that the Court directs to be produced subject to this order.

3.  Plaintiffs' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in the Action.

4.  In order to designate documents or other material as "Confidential" within the meaning of this Protective order, defendant may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give plaintiffs notice of the confidentiality designation, in a writing directed to plaintiffs' attorneys. Defendants may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

5.  Confidential Materials shall not be disclosed to any person other than an attorney of record for plaintiffs or any member of the staff of plaintiffs' attorney's office, except under the following conditions:

    a.  Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in the Action.

    b.  Disclosure before trial may be made only to a plaintiff, to an expert who has been retained or specially employed by plaintiffs' attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition, or to the Court.

    c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential

Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiffs' attorneys. Defendants may apply to the Court for an order requiring plaintiffs' attorneys to disclose the signed consent(s), and disclosure shall be ordered upon a showing of good cause; furthermore, any material breach of the provisions of this Protective Order shall be deemed sufficient good cause to require such disclosure.

6. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be either redacted or separately bound, with a cover page or redaction prominently marked "**CONFIDENTIAL**." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-

3

captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8. Nothing in this Protective Order shall preclude defendant from using for any purpose documents it has produced, or deposition testimony it has designated, as "Confidential Materials."

9. Any party intending to use Confidential Materials at trial or any hearing, shall give prior notice to the Producing Party. Upon a showing that Confidential Materials may be disclosed at a hearing or at trial, the Court shall impose appropriate safeguards for the presentation of such Confidential Materials.

10. The provisions of this Protective Order shall not apply to documents or other material designated as "Confidential Materials" to the extent that such documents or materials (a) are obtained from sources other than defendant, or (b) are otherwise publicly available.

11. Upon request by the producing party's attorneys, within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials produced by defendants, including all copies, all nonconforming copies, notes and other materials containing or referring to information derived therefrom, shall be returned to the producing party's attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the producing party's attorneys.

12. Plaintiffs' counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the

course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

Dated: New York, New York

_____, 2008

| | |
|---|---|
| Brett Klein, Esq.<br>Leventhal and Klein, LLP<br>Attorney for Plaintiffs<br>45 Main Street, Suite 820<br>Brooklyn, NY 11201 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br> City of New York<br>Attorney for Defendants<br>100 Church Street<br>New York, New York 10007 |
| By: _/s/ Brett K._<br>Brett Klein, Esq. | By: _/s/ Sarah B. Evans_<br>Sarah B. Evans<br>Assistant Corporation Counsel |

SO ORDERED:

_____
U.S.M.J.

## **EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Southern District of New York dated _____, 2008 in the action entitled George Hayes and Justin Hayes v. City of New York, et al., 07 CV 6387 (PKC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation

07 CV 6387 (PKC) (MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE HAYES AND JUSTIN HAYES,

                                Plaintiffs,

-against-

CITY OF NEW YORK, ET AL.,

                                Defendants.

## PROTECTIVE ORDER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-151*
*New York, N.Y. 10007*

*Of Counsel:* Sarah B. Evans

*NYCLIS No.*

*Due and timely service is hereby admitted.*

New York, N.Y. ........................, 200......

................................................................ *Esq.*

*Attorney for* ................................................................